UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

6D GLOBAL TECHNOLOGIES, INC.,

                    Plaintiff,

      - against -

BEI LU,

                Defendant.

-------------------------------------------------------------------X

Docket No.: 15CV01120(LGS)

**DECLARATION**

**Charen Kim,** hereby declares, under penalty of perjury pursuant to 28 U.S.C. § 1746, as follows:

    1.    I am a member of the Bar of this Court and a member of The Bostany Law Firm, PLLC, attorneys for Plaintiff in this case, and I make this Declaration in support of Plaintiff's Order to Show Cause for an Order of Specific Performance.

    2.    For the reasons stated in the accompanying Brief, we respectfully request that Plaintiff's Order to Show Cause be granted.

    3.    Attempts were made to persuade Bei Lu to comply with the promises contained in the divestiture agreement by emails on November 4, 2014, December 11, 2014, and February 17, 2015. Copies of the December 11, 2014 and February 17, 2015 emails are collectively annexed as **Exhibit C.**

    4.    On February 27, 2015, I contacted the broker who I was informed handles Bei Lu's trades and account, Radnor Research Trading Company located at 44 Wall Street in New York. I reached Claudette Gurgess Gay who represented herself to be the Chief Compliance Officer for Radnor Research Trading Company.

5.    Ms. Gay advised that Bei Lu has indicated to her by telephone that she intends to sell the shares and have the funds transferred to a bank in China so that the relief requested by the Plaintiff in this case would be moot. Ms. Gay indicated in the event she received a formal trading order from Ms. Lu, which Ms. Lu advised would be imminent, that Radnor Research Trading Company would have the obligation to retrieve the shares from Cor Clearing, LLC for purposes of sale, which would happen rather quickly.

6.    In §8.04 of the Divestiture Agreement, annexed as Exhibit A to the Kang Declaration, Ms. Lu consented to the jurisdiction of this court as follows: "Each party hereby irrevocably and unconditionally (i) agrees that any legal action, suite, or proceeding arising out of or relating to this agreement may be brought in the courts of the State of New York or of the United States of American for the Southern District of New York, and (ii) submits to the exclusive jurisdiction of any such court in any such action, suite or proceeding. See §8.04(a) of the Divestiture Agreement, Exhibit A to the Kang Declaration.

7.    §8.03 of the same Agreement provides for notice to Bei Lu and all parties to the Agreement so that email service is permitted so long as the document is simultaneously dispatched by way of a national overnight delivery service to the address specified therein. "All notices, demands, or other communications hereunder shall be in writing and given to the Person(s) to whom the notice is directed, either by: (a) actual delivery at the address(es) stated below… or (d) e-mail transmission to the e-mail address stated below, provided that there is simultaneous deposit of such notice with a national overnight delivery service addressed as stated below, which notice shall be deemed effective upon the earlier to occur of: (i) completion of the e-mail transmission; or (ii) actual delivery by the overnight delivery service." §8.03 of the Divestiture Agreement annexed as Exhibit A to the Kang Declaration.

8.    This Motion is being brought by way of Order to Show Cause because of the emergent need for relief as the Plaintiff's rights are in immediate jeopardy of being thwarted, diminished, and/or extinguished.  Plaintiff has not moved by Order to Show Cause before on this matter.


Dated: New York, New York
       February 27, 2015

                                                        Charen Kim