UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
6D GLOBAL TECHNOLOGIES, INC.,

                Plaintiff,

                                            Docket No.: 15CV01120 (LGS)(AJP)

   - against -

BEI LU,

                Defendant.
------------------------------------------------------------------------X

## OBJECTIONS TO REPORT AND RECOMMENDATION

### Facts and Procedural History

      This case rises out of a breach of contract by the Defendant. The Plaintiff entered into a fixed-fee arrangement to obtain an order of cancellation by order to show cause. After reviewing the considerable briefing in this matter, declaration of Plaintiff, and Plaintiff's former counsel, and hearing oral argument on March 17, 2015, this court by United States District Judge Lorna G. Schofield, granted the motion cancelling Defendant's electronic shares. *See* Order dated March 25, 2015. (Docket entry 11).

      Plaintiff then sought to obtain a default judgment against the Defendant on the allegations that are contained in the compliant. The initial issue was that the contract (drafted by former counsel at Holland and Knight) contained a notice provision but that notice provision did not refer to service of process. As a result, Defendant did not explicitly consent to be served with process, though she had signed the contract indicating that she would accept "notice" by the means contained in the contract.

Accordingly, it was necessary to obtain judicial permission to serve the Defendant by email. Research was performed concerning email service pursuant to Fed.R.Civ.P. 4(f)(3) and a memorandum of law was submitted along with the motion. On May 5, 2015, Judge Schofield granted the motion. See Order dated May 5, 2015. (Docket entry 18). After service was properly effectuated and Defendant failed to answer, default was entered pursuant to Fed.R.Civ.P. 55(a).

Thereafter, in accordance with the Individual Rules of this Court, an order to show cause was prepared, submitted, and signed on June 23, 2015. Following oral argument on July 21, 2015, this honorable Court granted the default judgment. *See* Order dated July 21, 2015. (Docket entry 28). On the same date, July 21, 2015, Judge Schofield referred the inquest to Magistrate Judge Andrew J. Peck for a Report and Recommendation ("R&R"). (Docket entry 27). By Order dated July 22, 2015, Magistrate Peck directed that Plaintiff's submissions be on paper rather than through a hearing. (Docket entry 29).

Plaintiff filed a Declaration of Roman Popov dated August 5, 2015 attesting to the Plaintiff's understanding of the fee arrangement with counsel. Thereafter M.J. Peck requested that the Retainer agreement be filed and it was. The understanding between Plaintiff and counsel was undisputed "Plaintiff agreed to the $700 hourly rate of John P. Bostany in the November 10, 2014 agreement. ….Each phase of additional work was carefully outlined and communicated to the Plaintiff". See paragraphs 3 and 4 of Popov Declaration dated August 5, 2015.[1]

Plaintiff also filed a Declaration of John P. Bostany and Memorandum of Law. (Docket Entries 32 and 33).

---

[1] Had M.J. Peck questioned the veracity of these undisputed certifications, we would have submitted evidence supporting the statements. Copies of a March 31 supplement in the second phase of the work is respectfully annexed as Exhibit 1, a May 6 email confirming that we are proceeding to the next steps on an hourly basis is annexed as Exhibit 2, and an April 6 letter annexed as Exhibit 3 estimating the "service motion" at $7,000 when the April 10 invoice reflects the billing for the service motion was less than the estimate.

## Argument

"In evaluating a Magistrate Judge's R & R, a district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."28 U.S.C. § 636(b) (1). When a timely objection has been made to a magistrate judge's recommendations, the district court judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Mestizo v. Comm'r of Soc. Sec.,* 2013 WL 3868063, at *4 (S.D.N.Y. 2013)(Gardephe, D.J.) quoting *Razo v. Astrue,* 2008 WL 2971670, at *3 (S.D.N.Y. 2008).

" However, "the phrase *de hearing,* was selected by Congress 'to permit whatever reliance a district judge, in the exercise of sound judicial discretion, cho[oses] to place on a magistrate's proposed findings and recommendations.'" *Mestizo v. Comm'r of Soc. Sec., supra* (quoting *Grassia v. Scully,* 892 F.2d 16, 19 (2d Cir.1989))

We do not object to the reduction in the fixed fee recovery to $7,500. In response to a request contained in an order dated August 6, 2015, (Docket entry 35), counsel reconstructed the time entries that would support the $15,000 fixed fee. *See* p. 7 of R&R. The work amounted, according to plaintiff's counsel, to $30,800 in billable time. *Id.* Due in large part to the firm's failure to generate these bills at the time the work was performed, M.J. Peck recommends allowing "$7,500 for the time covered by the fixed fee". *Id.* We do not object to this recommendation as it appears Magistrate Judge Peck was correct and that we should have prepared contemporaneous bills notwithstanding the fact that there was a fixed-fee arrangement.

We respectfully object to the finding by Magistrate Peck that the motion to obtain an order permitting email service was "administrative or ministerial tasks that do not justify Bostany's billing at $700 an hour . . .".  It is respectfully submitted that Magistrate Peck erred in his determination that the preparation of the motion to serve Bei Lu by email is administrative.  In fact, it is an exception to the normal Rule to persuade a District Judge to allow email service.  Indeed, the cases contained in the Plaintiff's April 10, 2015 brief were not easy to find and were essentially the universe of cases that were on point to the facts of this matter.  (Docket Entry 16).

John P. Bostany billed a total of one-half hour to this effort ($350).  *See* entry of April 9, 2015 on Exhibit A to the Popov Declaration dated August 5, 2015.  It is respectfully submitted that it was error for Magistrate Peck to hold that this time in revising the brief should not be compensable.  The Declaration of John P. Bostany dated August 5, 2015 amply supports his qualifications and 25 years of practice in achieving results in the Southern District of New York and elsewhere.  (Docket Entry 32).

The August 5, 2015 Memorandum of Law in support of the billable rate contains substantial precedent supporting the fee and Mr. Bostany's hourly rate. (Docket Entry 33).  Magistrate Peck does not refer to the substantial Declaration of John P. Bostany nor any of the cases cited in the Memorandum of Law that was filed on August 5, 2015 containing a review of partner rates.  Instead, Magistrate Peck makes the simple statement that "the Bostany firm has not submitted adequate information to support the billing rates charged by partner Bostany or associate Popov".  See R&R at page 8.  Magistrate Peck cites to his own recent report and recommendation to Judge Stanton (which has not even been approved yet).  *Lora v. J. V. Car Wash, LTC.*, No. 11 CIV. 9010 LLS AJP, 2015 WL 4496847, at *6 (S.D.N.Y. July 24, 2015).

Yet Magistrate Peck does not even mention the authority contained in the August 5, 2015 Memorandum of Law supporting John's Billing rate nor the extensive credentials and 25 years of experience provided in the August 5 Declaration of John P. Bostany which includes 1 year with United States District Judge Robert J. Ward.  (Docket Entry 32).

Mr. Bostany's $700 per hour rate is commensurate with the rate of partners with similar experience and in within the range of recognized surveys.  *See* AIPLA, Report of the Economic Survey 2009, at I–34 (July 2009) (median hourly billing rate for partner was $575; seventy-fifth percentile of attorneys surveyed billed $700 per hour)".  *OZ Mgmt. LP v. Ozdeal Inv. Consultants, Inc.*, 2010 WL 5538552, at *3  *report and recommendation adopted,* 2011 WL 43459 (S.D.N.Y. 2011)(Koetl, D.J.).  *See also Yamanouchi Pharm. Co. v. Danbury Pharmacal, Inc.,* 51 F.Supp.2d 302, 305 (S.D.N.Y.1999) (hourly rates for partners were "ball-park reasonable" even though higher than AIPLA rate).

 Indeed, Magistrate Peck himself cites cases in the *Lorna* report and recommendation where $600 per hour rates were awarded for partners with 19 years of experience. *Lora v. J. V. Car Wash, LTC.*, *supra* @ *7.  "Licul [approved at $600 per hour] is a 1995 graduate of Brooklyn Law School. He worked from 1996 to 2001 with the Special Litigation and Appeals Unit of Mental Hygiene Legal Services for the Appellate Division, Second Department. He joined Vladeck in 2003, and became a partner in 2007." *Guallpa v. N.Y. Pro Signs Inc.*, 2014 WL 2200393, at *10 (S.D.N.Y.) (Maas, M.J.) *report and recommendation adopted sub nom. Guallpa v. NY Pro Signs Inc.*, No. 11 `CIV. 03133 LGS, 2014 WL 4105948 (S.D.N.Y. 2014)(Schofield, D.J.).

This is commensurate with the $520 per hour approved for John P. Bostany at a time when he had 16 years of experience. *Flores v. Pinnacle Group*, 2006 WL 4451901 (S.D.N.Y. 2006)(Rakoff, D.J.).

Magistrate Peck also observed in the *Lora* Report and excludes here that "[a]ccording to the Supreme Court, 'the most critical factor' in determining the reasonableness of [an attorney] fee award 'is the degree of success obtained.'" *Lora v. J. V. Car Wash, LTC.*, supra at *5 (quoting *Farrar v. Hobby,* 506 U.S. 103, 114, 113 S.Ct. 566, 574 (1992)). <u>Yet, he does not even mention in the R&R that the Bostany firm obtained complete success for the plaintiff in each of the three motions that it filed</u>. (Docket Entries 11, 18 and 28).

Moreover, M.J. Peck excludes in the R&R the importance of the client consenting to the hourly rate as 6D did in its Retainer Agreement, which again departs from his reasoning in the *Lora* case. "[T]he retainer agreements signed by plaintiffs in this case set forth a $500 hourly rate as an alternative to the contingency fee basis for compensation". *Lora v. J. V. Car Wash, LTC.*, *supra* at *6.

Further, Mr. Bostany contributed 15 minutes on June 14, 2015 to revising the request for default for Bei Lu since Bostany had previously filed them in other cases and was able to provide some necessary revisions. *See* Docket Entry 31-2. On June 17, 2015, John Bostany billed for 30 minutes to revise the declaration in support of the default judgment, on June 21, 2015, an hour and fifteen minutes contributing to the order to show cause and preparing the form, on July 14, 2015, an hour preparing the proposed order, and on July 21, 2014 three hours appearing and arguing the motion. *Id.* It is respectfully submitted that this meager time expended in support of the default judgment motion should not be considered administrative or ministerial.

Careful attention must be paid to a District Judge's individual practice Rules and it was important for Bostany to supervise to this limited extent, the work being done by the junior associate. *GMA Accessories, Inc. v. Solnicki*, 2011 WL 4790615, at *1 (S.D.N.Y. 2011)(after Plaintiff submitted papers in accordance with Judge Swain's Rules, case was transferred to Judge Castel who "denied without prejudice to refiling in accordance with this Court's Individual Practices").

The R&R concedes that in response to the August 6, 2015 order, the Bostany firm reduced its fee request "from $35,387.50 to $27,725.00".[2]  The R&R does not credit counsel for removing the clerical tasks as reflected in paragraph 7 of the August 11, 2015 submission by counsel (Docket entry 37).  This same submission reduced the billing rate of associate Popov to $200 per hour. *Id.* @ paragraph 8.  <u>But M.J. Peck provides practically 0  explanation to Judge Schofield for his blanket 40% reduction here, again a dramatic departure from the thorough analysis he  provided in his Report to Judge Stanton</u> where he only applied a 10% reduction. "[B]ased on review of the invoices, it appears as if approximately 18% ... of Ms. Longobardi's time entries are for work that should have been handled by a paralegal." *Lora v. J. V. Car Wash, LTC.*, *supra* at *9.

The instant R&R summarily concludes, without citing a single clerical time entry that was not written off, that "unsupported hourly rates and billing for clerical tasks" warrant an additional 40% reduction.  *See* page 8 of R&R (the reduced $12,725.00 in invoices was further reduced to $7,500.00 based on this summary conclusion).  We object to this and ask that the Plaintiff be awarded the reduced request of $12,725.00 contained in the August 11 submission or

---

[2] The reduced fee of $27,725.00  included the $15,000 fixed  fee previously discussed. *See* Docket Entry 37. Accordingly following counsel's own reductions, the remaining  fees sought for billable time  contained in the invoices attached to Docket Entry 31 are reduced to $12,725.

at least a higher percentage than awarded by Magistrate Peck. *See* Docket Entry 37

Magistrate Peck also summarily concludes that the Plaintiff should not be entitled to any award on "fees on fees" despite the fact that they are "generally compensable". *See* page 8 of August 20 report and recommendation. Again, without citing a single entry, the Magistrate advised that the support for its sweeping ruling that zero would be awarded for "fees on fees" are cases where fees were denied because the plaintiff was either "too greedy" or where the submissions contained "mathematical errors". *Id.*

Here, the Magistrate does not explain how the Plaintiff was too greedy in its invoices for fees on fees. The invoice attached to the August 17, 2015 filing, shows that counsel spent two hours researching the standards that would apply to a fee application (July 24, 2015 entry) and an additional two hours drafting both points of the brief which included not only the case law that allowed attorneys' fees, but the authority in support of the rates and reasonableness (August 3, 2015 entry). *See* Docket Entry 40-1. Accordingly, it is unclear how Magistrate Peck can determine that these entries were so unreasonable as to be greedy.

The entries also showed that the lengthy complex contract between the parties was reviewed so that the provisions allowing fees could be properly quoted in the submissions and the history of the case was reviewed and reiterated in the brief (July 30, 2015 entry of 3 hours). A total of 1 hour and 15 minutes was billed to the lengthy and involved declaration of John P. Bostany's qualifications. *Id.* A review of the August 11, 2015 invoice will show that the time set forth therein was not unreasonable at all and definitely not to the point where it supports a finding that the bill was so excessive as to warrant zero being awarded. *Id.* Accordingly, it is respectfully asked that the Plaintiff be reimbursed for the $7,825 in fees on fees or at least a larger portion of it than the zero awarded by Magistrate Peck.

## **CONCLUSION**

For the foregoing reasons, it is respectfully asked that this honorable Court accept the Recommendation of M.J. Peck to reduce the compensable portion of the $15,000 fixed fee to $7,500 but reject those portions of the R&R that refused all of the $7,825 in fees on fees and that reduced the $12,725.00 in fees that were already reduced pursuant to the reductions contained in Docket Entry 37.

Dated: New York, New York
       September 3, 2015

                                        THE BOSTANY LAW FIRM PLLC

                                                s/John P. Bostany
                                      By:   John P. Bostany
                                               Charen Kim
                                        *Attorneys for Plaintiff*
                                      40 Wall Street, 28th Floor
                                      New York, New York 10005
                                      (212) 530-4400