UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  5/3/2016

-------------------------------------------------------------X
                                                             :
6D GLOBAL TECHNOLOGIES, INC.,                                :
                                                             :
                                       Plaintiff,            :
                                                             :        15 Civ. 1120 (LGS)
                                                             :
                          -against-                          :
                                                             :        OPINION AND ORDER
                                                             :
BEI LU,                                                      :
                                                             :
                                       Defendant.            :
-------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

       On February 17, 2015, Plaintiff 6D Global Technologies, Inc. ("6D") brought suit against

Defendant Bei Lu for breach of contract, alleging that Defendant failed to surrender her 15,566

electronic shares in conjunction with a merger.  Following an entry of default judgment against

Defendant on July 21, 2015, the Court referred the matter to Magistrate Judge Andrew J. Peck

for an inquest on damages.  On August 20, 2015, Judge Peck issued a Report and

Recommendation (the "Report"), recommending an award of $15,000 for attorneys' fees.

Plaintiff timely filed objections on September 3, 2015.  Having reviewed de novo the portions of

the Report to which Plaintiff objected, and having further reviewed the entirety of the Report, the

Court adopts the Report in part and modifies it in part.  Plaintiff is awarded $18,237.50 in

attorneys' fees.

I.       STANDARD

       A district court "may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  The district court

"may adopt those portions of the report to which no 'specific, written objection' is made, as long

as the factual and legal bases supporting the findings and conclusions set forth in those sections

are not clearly erroneous or contrary to law." *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (citing Fed. R. Civ. P. 72(b)).  The court must undertake a de novo review of any portion of the report to which a specific objection is made on issues raised before the magistrate judge.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  The court may then accept, reject, or modify in whole or in part recommendations of the magistrate judge.  *Trustees of the Mason Tenders, Dist. Council Welfare Fund, Pension Fund, Annuity Fund & Training Program Fund v. Faulkner*, 484 F. Supp. 2d 254, 257 (S.D.N.Y. 2007) (citing *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

   "[A] district court has the discretion to accept . . . evidence in its de novo review of the Report and Recommendation" that has not been submitted to the Magistrate Judge.  *McMahan v. Comm'r of Soc. Sec.*, No. 13 Civ. 6546, 2015 WL 1787215, at *6 (S.D.N.Y. Apr. 20, 2015) (citing *Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998)).  Both § 636(b)(1) and Rule 72(b) explicitly permit the district court to receive additional evidence as part of its review.  *See* 28 U.S.C. § 636(b)(1)(C) (1994) ("[T]he [district] judge may also receive further evidence . . . .");  Fed. R. Civ. P. 72(b) ("The district judge may . . . receive further evidence . . . .").

   To determine an award of attorneys' fees, a court begins with the "presumptively reasonable fee" generally referred to as the "lodestar."  *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008); *see also Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010) ("[T]here is a 'strong presumption' that the lodestar figure is reasonable . . . .").  The lodestar is calculated by multiplying "a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011).  "The party seeking the award has the burden of

submitting evidence supporting the hours worked and rates charged." *S.W. ex rel. N.W. v. Bd. of Educ. of City of New York*, 257 F. Supp. 2d 600, 603 (S.D.N.Y. 2003) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  Hours that are "excessive, redundant, or otherwise unnecessary" should be excluded.  *Hensley*, 461 U.S. at 434.  The court, in its discretion, may make a reasonable determination of any percentage that should be deducted.  *See Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998).

## II.     BACKGROUND

Judge Peck held the damages inquest on submission.  Plaintiff did not request damages other than its attorneys' fees.  Plaintiff initially requested fees of $35,387.50 with two components.

The first component is a contractually fixed fee (the "Fixed Fee") of $15,000.  The underlying retainer agreement, dated November 10, 2014, provides for "a fee of $10,000" for "efforts to thwart an attempt by [Defendant] to retract her prior agreement to cancel 15,566 shares" of Plaintiff's stock; and further provides for a "$5,000 success fee" within three days of either an order that directs cancelation of the shares or the shares being canceled.  On March 23, 2015, the Court ordered that the shares be transferred for cancellation.  This agreement was before Judge Peck in response to his order to submit the retainer agreement.

The second component is $20,387.50 for subsequent work (the "Hourly Fee"), which consisted principally of a motion regarding email service and a motion for default judgment. This work was billed at an hourly rate of $700 for the partner and $350 for the associate.  The corresponding fee agreement dated March 31, 2015, states that the client will pay the firm's hourly rates for the remaining work.  This agreement and related correspondence were not before

Judge Peck, apparently because he had not been made aware of the later agreement and had not requested it.

Following an order from Judge Peck to "review its billing records and determine if it really is entitled to everything it is seeking," Plaintiff reduced its total fee request to $27,725, reflecting a reduction in the Hourly Fee from $20,387 to $12,725.  This was achieved by writing off 6.25 hours billed and reducing the associate's hourly rate to $200 per hour.  Plaintiff later increased its total fee request to $35,550, adding $7,825 for the preparation of the fee application.

The Report recommends an award of attorneys' fees of $15,000.  The Report suggests that the Fixed Fee was intended to cover all work in the case and not just preliminary work (likely because Judge Peck was not aware of the second retainer agreement), and finds that, in any event, most of the requested fee is not recoverable because (1) the Fixed Fee is not supported by contemporaneous billing records; (2) much of the work performed in obtaining the default judgment was administrative and does not justify the partner and associate billing rates; and (3) the firm failed to submit comparative data to support the partner and associate billing rates. Finally, the Report declines to award "fees on fees" because the request is excessive.  The Report recommends reducing the Fixed Fee to $7,500 and the Hourly Fee to $7,500, for a total of $15,000, consistent with the original contractual amount.

Plaintiff objected to the Report, contesting the reduction for purported administrative work, inadequate information to support billing rates and excessive fee application fees.  Plaintiff did not object to the reduction in the fixed fee recovery from $15,000 to $7,500.

## III.   DISCUSSION

In the underlying action Plaintiff asserts a cause of action for breach of a contract.  That contract included an indemnification provision for "reasonable attorneys' fees" arising out of a breach.  "[T]he rule in New York is that 'when a contract provides that in the event of litigation the losing party will pay the attorneys' fees of the prevailing party, the court will order the losing party to pay whatever amounts have been expended by the prevailing party, so long as those amounts are not unreasonable.'"  *Diamond D Enters. USA, Inc. v. Steinsvaag*, 979 F.2d 14, 19 (2d Cir. 1992) (quoting *F.H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d 1250, 1263 (2d Cir. 1987)).

### A.   Fixed-Fee

The Report recommends that the Court decline to award a fixed fee of $15,000 because that amount is not supported by contemporaneous billing records.  Plaintiff does not object to the Report's reduction of the Fixed Fee to $7,500.  That recommendation is adopted as it is not clearly erroneous or contrary to law.

### B.   Hourly Fee

For the remaining work, Plaintiff requests an Hourly Fee of $12,725, after writing off 6.25 hours billed and reducing the associate's hourly rate from $350 to $200 per hour.  The Report in effect recommends further reducing the Hourly Fee to $7,500.  Upon de novo review, that recommendation is not adopted, and Plaintiff is awarded $10,737.50 as the Hourly Fee.

#### 1.  Billable Hours

Plaintiff seeks Hourly Fees for 45.25 hours of work, after writing off 6.25 hours for administrative tasks.  This represents approximately 7.5 hours spent assisting the client with the cancellation order, 15.5 hours spent on the service motion; and approximately 28.5 hours spent

obtaining the default judgment.  This amounts to 51.5 hours, less counsel's write-down of 6.25

hours for a total of 45.25 hours.  Of the 45.25 hours, 38.5 is associate time and 6.75 is partner

time.  Based on a review of counsel's detailed, contemporaneous billing records, this number of

hours is reasonable.  *See Days Inn Worldwide, Inc. v. Amar Hotels Inc.*, No. 05 Civ. 10100, 2008

WL 2485407, at *9 (S.D.N.Y. June 18, 2008) (finding 95.1 hours expended in obtaining a

default judgement "astounding"); *Bank v. Ho Seo,* No. 06 Civ.15445, 2009 WL 5341672, at *5

(S.D.N.Y. Dec. 16, 2009) (finding exorbitant 177 hours billed in obtaining a default judgement,

where no novel issues of law were considered and few legal documents were prepared).

### 2.   Hourly Rates

The remaining issue is the appropriate hourly rates to be applied to this work.  It is

unnecessary in this case to apply a discounted rate for administrative work.  In determining the

reasonable hourly rate, "[a] court may make such reductions when attorneys engage in less

skilled work, like filing and other administrative tasks."  *See E.S. v. Katonah-Lewisboro Sch.*

*Dist.*, 796 F. Supp. 2d 421, 431 (S.D.N.Y. 2011), *aff'd*, 487 F. App'x 619, 2012 WL 2615366

(2d Cir. 2012); *see also LV v. New York City Dep't of Educ.*, 700 F. Supp. 2d 510, 524 (S.D.N.Y.

2010) (finding that 25 percent of the hours for which normal rates are requested should be billed

at paralegal rates).  Here, however, Plaintiff has entirely written off 6.25 hours of administrative

work rather than billing it at a reduced rate.  *See Regulatory Fundamentals Grp. LLC v.*

*Governance Risk Mgmt. Compliance, LLC*, No. 13 Civ. 2493, 2014 WL 4792082, at *3

(S.D.N.Y. Sept. 24, 2014) (collecting cases all lowering an unreasonable requested fee for

paralegal work to $125 per hour).  This write-down reflects a reasonable reduction for

administrative work.

No further reduction is necessary for work obtaining the default judgment, as the Report recommends.  Obtaining the default judgment is not purely administrative, contrary to the Report's conclusion, and does not require billing at a discounted rate.  *See Shepherd v. Law Offices of Cohen & Slamowitz, LLP*, No. 08 Civ. 6199, 2010 WL 4922314, at *6 (S.D.N.Y. Nov. 29, 2010) (affirming the Report awarding attorneys' fees for the requested hourly rate in obtaining a default judgment); *Simmonds v. New York City Dep't of Corr.*, No. 06 Civ.5298, 2008 WL 5454228, at *2 (S.D.N.Y. Dec. 30, 2008) (a billing rate of $250 per hour was deemed appropriate in obtaining a default judgment).

Plaintiff seeks $700 per hour for partner work, and $200 (rather than the $350 previously sought) per hour for associate work.  A "fee applicant has the burden of showing by 'satisfactory evidence -- in addition to the attorney's own affidavits'-- that the requested hourly rates are the prevailing market rates."  *Farbotko v. Clinton Cnty.*, 433 F.3d 204, 209 (2d Cir. 2005) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)).  The Court must to look to "decisional law and its own experience in assessing the reasonableness of [the attorneys'] requested rates."  *LV*, 700 F. Supp. 2d at 521.

The associate hourly rate of $200 per hour is reasonable.  *See Severstal Wheeling, Inc. v. WPN Corp.*, No. 10 Civ. 954, 2016 WL 1611501, at *3 (S.D.N.Y. Apr. 21, 2016) (finding a requested $170 to $190 for an associate in the litigation division and labor and employment practice group reasonable); *Inter-Am. Dev. Bank v. Venti S.A.*, No. 15 Civ. 4063, 2016 WL 642381, at *7 (S.D.N.Y. Feb. 17, 2016) (finding junior associates charging up to $180 per hour to be reasonable); *Rubenstein v. Advanced Equities, Inc.*, No. 13 Civ. 1502, 2015 WL 585561, at *6 (S.D.N.Y. Feb. 10, 2015) (approving a "blended" billing rate for senior and junior associates of $350 per hour, when $250 would ordinarily be the rate for junior associates).

7

The partner rate is reduced to $450 per hour.  The work in this case was not unusually challenging, and counsel's firm employs less than 10 attorneys.  "In the Southern District of New York, fee rates for experienced attorneys in small firms generally range from $250 to $450 in civil cases."  *Thor 725 8th Ave. LLC v. Goonetilleke*, No. 14 Civ. 4968, 2015 WL 8784211, at *11 (S.D.N.Y. Dec. 15, 2015) (collecting cases).

Therefore Plaintiff may recover $7700 for associate time (38.5 x $200) and $3037.50 for partner time (6.75 x $450), for a total Hourly Fee of $10,737.50.

### C. Fees on Fee Application

Plaintiff seeks $7,825 for fees for preparing the instant fee application.  Plaintiff is not entitled to this amount under the parties' contract, which is the basis for fee shifting in this case. The contract provides that "[e]ach Shareholder shall defend, indemnify and hold harmless Ctek . . . from and against any and all Claims, Liabilities and other expenses, including reasonable attorneys' fees and expenses . . . ."  "Under New York law, 'a general contract provision for the shifting of attorneys' fees does not authorize an award of fees for time spent in seeking the fees themselves.'"  *Thor 725 8th Ave. LLC*, 2015 WL 8784211, at *12 (quoting *F.H. Krear*, 810 F.2d at 1266) (citation omitted).   Therefore, Plaintiff is not entitled to an award of fees for the fee application.

## IV.   CONCLUSION

For the foregoing reasons, the Report is adopted in part and modified in part.  Plaintiff is entitled to a Fixed Fee of $7,500, and an Hourly Fee of $10,737.50, for a total of $18,237.50 in attorney's fees.

SO ORDERED.

Dated:  May 3, 2016
        New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE